Mark D. Kremer (SB# 100978)
  m.kremer@conklelaw.com
Zachary Page (SB# 293885)
  z.page@conklelaw.com
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Defendant A&E Stores, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TEXKHAN, INC., a California Corporation, individually and doing business as HYUP SUNG T.R.D., <br><br> Plaintiff, <br><br> v. <br><br> MACKSON, INC., a New York Corporation, individually, and d/b/a/ "DENIM-LICIOUS" and "SHE'S SO COOL"; ROSS STORES, INC., a California Corporation; CITI TRENDS, INC., a Delaware Corporation; A & E STORES, INC., a New York Corporation, individually and d/b/a "STRAWBERRY"; and DOES 1 through 10, <br><br> Defendants. | CASE No. CV16-00611-ODW-AFM <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND/OR IMPROPER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARK MCNERNEY** <br><br> Date: May 16, 2016 <br> Time: 1:30 p.m. <br> Courtroom: 11 <br><br> Judge Otis D. Wright II, <br> Judge Presiding <br><br> Judge Alexander F. MacKinnon, <br> Magistrate Judge <br><br> Complaint Filed: January 27, 2016 <br> Trial Date: None |

0028.006\9996

1    TO PLAINTIFF, AND ITS ATTORNEYS OF RECORDS:

2

3    PLEASE TAKE NOTICE that on May 16, 2016 at 1:30 p.m. or as soon

4    thereafter as counsel may be heard in the United States District Court for the Central

5    District of California, located at 312 N. Spring Street, Los Angeles, CA 90012 in

6    Courtroom 11, Defendant A&E Stores, Inc. appearing specially through its counsel

7    solely for the purposes of bringing this motion will and hereby does move pursuant to

8    Federal Rule of Civil Procedure 12(b)2 for an order dismissing this action on the

9    grounds that the Court lacks personal jurisdiction over A&E Stores, Inc. ("A&E"); or

10   alternatively that venue in the Central District of California is improper.

11

12   The grounds for the motion to dismiss for lack of personal jurisdiction are that

13   the allegations of the complaint and the declaration of Mark McNerney submitted in

14   support of this motion show that A&E is not subject to the jurisdiction of this Court

15   because A&E is a nonresident defendant, and does not have constitutionally sufficient

16   minimum contacts with California.

17

18   The grounds for the motion to dismiss for improper venue are that Defendant

19   A&E does not reside or transact business in California and the events, acts and

20   omissions giving rise to the claims against A&E did not occur in California.

21

22   This motion is based on this Notice of Motion and Motion, the attached

23   Memorandum of Points and Authorities, the Declaration of Mark McNerney, any reply

24   memorandum that may be filed, the pleadings and records on file herein, and such

25   further argument evidences as made be submitted and accepted by the Court at the

26   hearing of this Motion.

27

28

NOTICE OF MOTION AND MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT FOR LACK OF
PERSONAL JURISDICTION AND/OR IMPROPER VENUE

1    This motion is made following the conference of counsel pursuant to local Rule
2    7-3 which was initiated on March 9, 2016.
3
4    Dated:  March 16, 2016                    Mark D. Kremer
5                                             Zachary Page, member of
                                             CONKLE, KREMER & ENGEL
6                                             Professional Law Corporation
7
8
9                                    By: _____
                                             Mark D. Kremer
10                                           Attorneys for Defendant A&E Stores, Inc.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION AND MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT FOR LACK OF
PERSONAL JURISDICTION AND/OR IMPROPER VENUE

## MEMORANDUM OR POINTS AND AUTHORITIES

### I.   INTRODUCTION

#### A.   SUMMARY OF ARGUMENT

This case arises out of allegations by Plaintiff Texkhan, Inc. ("Plaintiff") that Defendant A&E Stores, Inc. ("A&E") infringed copyrighted two dimensional artwork by marketing and distributing garments utilizing the design.

A&E moves for dismissal of the action because it is not subject to jurisdiction in California and venue for these claims against it is improper here.  Relying on facially inadequate and conclusory allegations of jurisdictional conduct with California, Plaintiff has attempted to hale A&E, a nonresident corporation, before this Court. Plaintiff admits in its complaint that A&E is a New York corporation with its principal places of business in New Jersey and alleges no conduct, act, omission or event involving it with California or the Central District.  Indeed, A&E has only a presence on the East Coast and in the Midwest, operating retail stores there, and purchased the goods at issue in Plaintiff's Complaint in New York for sale in A&E Stores.

General jurisdiction for A&E is absent because A&E is not domiciled in California and lacks the substantial continuous and systematic contacts with the forum required to subject it to suit here.  *Perkins v. Benguet Consol. Mining Company*, 342 U.S. 437, 445-7 (1952); *Omeluk v. Langsten Sliff & Batbyggeri A/S*, 52 F.3d 267, 269-71 (9th Cir. 1995).  As the attached declaration of Mark McNerney confirms, A&E has no jurisdictional "presence" in California through property, employees, or businesses. Although A&E sends buyers to California as well as other jurisdictions to find goods that are then shipped to A&E in New Jersey, A&E *did not purchase from or sell in California the goods at issue in Plaintiff's complaint*.  Accordingly, A&E is not subject to the limited or specific jurisdiction of this Court.  Because the goods underlying

1  Plaintiff's claims against A&E were purchased from Defendant Mackson Inc., a New
2  York resident, in New York and sold through A&E's Stores in the East and Midwest.
3  Plaintiff cannot establish that A&E has had any, much less sufficient minimum,
4  contacts with California related to A&E's claim to support the exercise of personal
5  jurisdiction over A&E. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-8 (1985).
6
7         Venue is likewise improper because A&E does not reside or do business in
8  California and the events, acts and omissions given rise to the alleged claims against
9  A&E did not occur in California.  The Complaint must be dismissed as to A&E.
10
11  **II.    STATEMENT OF RELEVANT FACTS**
12          A&E is a corporation organized and existing under the laws of the state of New
13  Jersey.  (McNerney Decl., ¶ 2).  A&E's principal place of business is in Teterboro,
14  New Jersey. *Id*.  A&E owns and operates retail stores under various trade names,
15  located on the East Coast and in the Midwest. *Id*.  A&E does not own or operate any
16  stores in California and does not sell its goods in California. *Id*.  A&E does not sell over
17  the internet. *Id*.
18
19         A&E has no office, place of business or telephone listing in California and does
20  not use, own or rent any real or personal property located in California. (McNerney
21  Decl., ¶ 3)  A&E is not registered to do business in California and has no agent for
22  service of process. *Id*.  A&E maintains no bank accounts in California, pays no taxes in
23  California and does not advertise or solicit for business here. *Id*.  A&E has no
24  subsidiaries incorporated or qualified to do business in California. *Id*.  All of the day to
25  day operations of A&E are located in New Jersey. *Id*.
26
27         A&E sells millions of different products in its stores. (McNerney Decl., ¶ 4)
28  A&E purchases these items from brokers and wholesalers located all over the United

1  States. *Id.* A&E does purchase products from suppliers located in California, but did
2  not purchase the goods of which Plaintiff complains from California. (*Id.* ¶ 5) A&E's
3  purchases of products from suppliers in California are shipped to A&E's warehouse in
4  New Jersey and payment is made from there. (*Id.* ¶ 4)

5

6        A&E purchased the goods at issue in this action from Mackson located in New
7  York. (McNerney Decl., ¶ 5; Exs. 1 & 2) A&E purchased pieces bearing the allegedly
8  infringing design for a total purchase price of $3,735.00. (*Id.* ¶ 5) The pieces were
9  shipped from Mackson's warehouse in Farmingdale, New York to A&E's warehouse in
10 New Jersey. (*Id.* ¶6; Exs. 3 & 4) A&E paid for the goods to Mackson's factor Capital
11 Business Credit, LLC located in Atlanta, Georgia. (*Id.* ¶ 7) A&E sold the goods in
12 A&E stores located in the East Coast and Midwest and earned an approximate
13 $8,794.07 gross and $2,043.09 net profit on the goods. (*Id.* ¶ 8)

14

15 **III.   PLAINTIFF'S ALLEGATIONS CONCERNING JURISDICTION AND**
16 **VENUE**

17      Plaintiff's allegations supporting suit against A&E in the Central District of
18 California are few and boilerplate. In Paragraph 3 of the Complaint, Plaintiff alleges:

19

20      Venue in this judicial district is proper under 28 USC Section 1391(c) and
21      1400(a) in that this is the judicial district in which a substantial part of the acts
22      and omissions giving rise to the claims occurred.

23

24      And in Paragraph 8 Plaintiff alleges:

25

26      Plaintiff is informed and believes and thereon alleges that DEFENDANT A&E
27      STORES, INC. doing business as Strawberry (collectively "Strawberry") is a
28      corporation organized and existing under the laws of the state of New York with

1   its principal place of business located at 1000 Huyler Street, Teterboro, New
2   Jersey 07608 and is doing business in and with the state of California.

3

4   Plaintiff makes no other allegation of any act, event or omission tying A&E to
5   California.

6

7   IV.   **ARGUMENT**
8         A.   **PLAINTIFF CANNOT MEET ITS BURDEN TO ESTABLISH**
9              **THAT THE EXERCISE OF PERSONAL JURISDICTION OVER**
10             **A&E COMPORTS WITH DUE PROCESS**
11   When a defendant moves to dismiss the complaint for lack of personal
12   jurisdiction the Plaintiff has the burden of establishing that the Court's exercise of
13   personal jurisdiction meets constitutional due process requirements.  *Hirsch v. Blue*
14   *Cross Blue Shield of Kansas*, 800 F.2d 1474, 1477 (9th Cir. 1986).  "The mere
15   allegations of a complaint when contradicted by affidavits are not enough to confer
16   personal jurisdiction over a nonresident defendant,"  *Chemlab Products, Inc. v.*
17   *Stepanek*, 554 F.2d 371, 372 (9th Cir. 1977).  Rather, a plaintiff must make a prima
18   facie showing of jurisdictional facts to withstand a motion to dismiss.  *Ballard v.*
19   *Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  As the following discussion establishes,
20   Plaintiff cannot meet its burden of establishing that consistent with due process, this
21   Court may exercise personal jurisdiction over A&E in this case.

22

23

24         1.   **A&E IS NOT SUBJECT TO THE GENERAL**
25              **JURISDICTION OF THIS COURT**
26   Where a defendant is not domiciled in the forum state, it is subject to the general
27   jurisdiction of a court of the forum only where defendant's activities there are shown to
28   be "substantial, continuous, and systematic."  *Perkins, supra* 342 U.S. at 445.  General

-4-

1 jurisdiction over a nonresident defendant must be exercised only where a strict standard
2 is satisfied. See *Amoco Egypt Oil Company v. Leonis Navigation Company*, 1 F.3d
3 848, 851 fn. 3 (9th Cir. 1993) (noting that the United States Supreme Court has upheld
4 the exercise of general jurisdiction over a non-resident defendant only once).

5

6      In determining whether general jurisdiction exists over a nonresident corporation,
7 the Court must look to whether the corporation is engaged in substantial and continuous
8 commerce in the state, considering factors such as whether it has: maintained offices,
9 qualified to do business or regularly solicited business in California, "assigned agents
10 or employees to work regularly in California," "owned, used or possessed real property
11 in California" or "contracted to supply goods or services in California". *McGlinchy v.*
12 *Shell Chemical Company*, 845 F.2d 802, 816 (9th Cir. 1988). See also *Amoco Egypt*
13 *Oil Company*, 1 F.3d at 851 fn. 3 (expressing doubt that general jurisdiction exists,
14 absent "incorporation, license or authorization to do business, offices, property,
15 employees, payment of taxes, advertising, solicitation or sales" in the forum state).

16

17      Plaintiff cannot meet its burden under the cases. As established by the
18 McNerney Declaration, A&E has none of the necessary predicate ties to California.
19 A&E's sole contact with California is the travel of buyers during the year to Los
20 Angeles to shop for apparel which is shipped from California to A&E's New Jersey
21 warehouse and for which payment is made from New Jersey. Such purchases
22 indisputably do not confer general jurisdiction:

23

24      [M]ere purchases even if occurring at regular intervals are not enough to
25      warrant a state's assertion of *in personam* jurisdiction over a nonresident
26      corporation in a cause of action not related to those purchased
27      transactions.

28

1 │ *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 418, 104 S.Ct. 1868
2 │ (1984).

3 │

4 │ In *Helicopteros*, (*supra*) the foreign corporation purchased approximately 80% of
5 │ its helicopter fleet spare parts and accessories from a company in Texas while also
6 │ sending its pilots and maintenance personnel for training in technical consultation.
7 │ Such contacts, however, were not sufficient for jurisdiction over the nonresident
8 │ corporation on a cause of action not related to the purchases in ancillary contacts over a
9 │ 7 year period. 466 U.S. at 411, 416-418. *Accord, Glencore Grain Rottendam BV v.*
10 │ *Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124-1125 (9th Cir. 2002) (fifteen
11 │ shipments of rice through California over a year insufficient contacts for general
12 │ jurisdiction); *Amini Innov. Corp. v. JS Imports, Inc.*, 497 F.Supp.2d 1093, 1109-1102
13 │ (C.D. Cal. 2007) (Imports of products through port of Los Angeles insufficient for
14 │ general jurisdiction). These cases confirm that the equivalent of "presence" is required
15 │ for general jurisdiction. As the Ninth Circuit in *Glencore* characterized the required
16 │ contacts: "... while it is clear that [the defendant] has stepped through the door, there is
17 │ no indication that it has sat down and made itself at home." *Glencore, supra* at 1125.

18 │

19 │ A&E has far less contacts with California than either of the defendants in
20 │ *Helicopteros or Glencore*. It sends buyers to California but consummates no
21 │ transactions here. A&E has stepped through the door into California but has never
22 │ made itself at home here. General jurisdiction is not present.

23 │

24 │ **2.    A&E IS NOT SUBJECT TO THE SPECIFIC JURISDICTION**
25 │ **OF THIS COURT**

26 │ Specific jurisdiction exists where the claims seek redress for harm caused by and
27 │ directly related to the nonresident defendant's constitutionally sufficient "minimum
28 │ contacts" with the forum. *Cybersell "Inc." v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th

1  Cir. 1997).  Whether the Court may exercise specific jurisdiction over a nonresident

2  defendant depends on whether "the 'nature and quality' of the defendants contacts with

3  the forum are significant in relationship to a specific cause of action."  *Decker Coal*

4  *Company v. Commonwealth Edison Company*, 804 F.2d 834, 839 (9th Cir. 1986).  To

5  establish that personal jurisdiction exists:

6

7      (1) [t]he nonresident defendant must do some act or

8         consummate some transaction with the forum or perform

9         some act by which he purposely avails himself of the

10         privilege of conducting activities in the forum...;

11      (2) [t]he claim must be one which arises out of the results from

12         the defendant's forum related activities; and

13      (3) [t]he exercise of jurisdiction must be reasonable.

14  *Cybersell*, 130 F.3d at 416 (citations omitted).  The goods upon which Plaintiff's

15  Complaint is predicated were sold to A&E in New York and resold only on the East

16  Coast or Midwest in A&E's retail stores.  There is no connection between any of

17  A&E's business trips to California to meet with brokers and any claim of the

18  Complaint.  Thus there is no basis for specific jurisdiction.

19

20    **B.**  **VENUE UNDER FEDERAL RULES OF CIVIL PROCEDURE**

21        **SECTIONS 1391(c) AND 1400 (a) IS IMPROPER**

22     Plaintiff alleges that venue in this action is proper under Sections 1391(c) and

23  1400(a) in that this is the judicial district in which a substantial "part of the acts and

24  omissions giving rise to the claims occurred."  Section 1391(c) is a "residency"

25  provision making an entity subject to venue under Section 1391 where it is subject to

26  personal jurisdiction.  For the same reasons that there is no jurisdiction over A&E in

27  California generally or the Central District of California specifically there is no proper

28  basis for venue here.  In reality none of the alleged acts and omissions giving rise to the

0028.006\9996     -7-

NOTICE OF MOTION AND MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT FOR LACK OF
PERSONAL JURISDICTION AND/OR IMPROPER VENUE

1   claims of the Complaint against A&E occurred in the Central District of California.
2   A&E does not reside in the Central District; does not transact business here; has no
3   agents here; and no act, omission, or event relating to A&E occurred here. Dismissal of
4   this action against A&E is proper under 28 USC 1406(a).

5

6        In assessing grounds for venue, it is only the "acts and omissions that have a
7   close nexus to the wrong" or which "give rise" to the claim that are to be considered.
8   *Jenkins Print Company v. Brimmer*, 321 F.3d 1366, 1371-1372 (11th Cir. 2003);
9   *Accord, Stewart v. Jos. A. Bank Clothier, Inc.*, 2010 WL 545846 *1, (N.D. Cal. 2010).
10  A reader of Plaintiff's Complaint strains in vain to find any allegations of events
11  occurring in the Central District of California, much less any events alleged to have
12  been undertaken or caused by A&E related or giving rise to Plaintiff's claim against
13  A&E.

14

15       Plaintiff also alleges venue is proper under 28 USC Section 1400(a) which
16  provides that:

17

18         Civil action, suits, proceedings arising under any act of congress relating to
19         copyrights or exclusive and mass works or designs may be instituted in the
20         district in which the defendant or his agent resides or may be found.

21

22       As established by the McNerney declaration, A&E does not reside in California
23  nor is it "found" here. For purposes of Section 1400(a), a defendant is found where the
24  defendant is "doing business." *Milwaukee Concrete Studios Ltd v. Field Mfg. Co.*, 8
25  F.3d 441, 445, 446, (7th Cir. 1993); *Accord, Multistate Legal Studios, Inc. v. Marino*,
26  41 U.S.P.Q. 2d 1886 (C.D. Cal. 1996).

27

28

1   There is no venue for this action against A&E proper under Section 1391(c) or

2   1400(a).

3

4   **V.      CONCLUSION**

5       A&E's Motion should be granted.

6

7   Dated:  March 16, 2016                    Mark D. Kremer

8                                             Zachary Page, member of
                                              CONKLE, KREMER & ENGEL

9                                             Professional Law Corporation

10

11

12                              By:   _____

13                                    Mark D. Kremer
                                      Attorneys for Defendant A&E Stores, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McNerney Declaration

# DECLARATION OF MARK MCNERNEY

I, Mark McNerney, hereby declare as follows:

1.     I am employed in the position of Vice President of Finance at A& E Stores, Inc. ("A&E").  In connection with my job duties, I have access to all corporate and business records of A&E and am knowledgeable about its business practices and procedures.  I make this declaration of personal knowledge based on my review of relevant records and investigation of the matters stated herein as well as my knowledge of A&E's practices and procedures.  If called as a witness I could and would competently testify to the facts stated in this declaration.

2.     A&E is a corporation organized and existing under the laws of the state of New York with its principal place of business in Teterboro, New Jersey.  A&E is in the business of operating retail apparel stores.  A&E together with its affiliates owns and operates retail stores using the trade names Pay/half, Bolton's, and Strawberry.  A&E's stores are located in the states of New York, New Jersey, Massachusetts, Illinois, and Rhode Island.  A&E and its affiliates have never owned or operated any stores in California and have never sold any goods there.  A&E maintains a passive website.  A&E does not sell any goods over the internet to the public.

3.     A&E has never had any office, place of business or telephone listing in California and has never used, owned or rented any real or personal property located there. A&E has never been registered to do business in California and has never had any agent for service of process there.  A&E has never maintained any bank account in California has never paid any income taxes in California and has never advertised or solicited for business there.  A&E has never had any subsidiaries or other affiliates incorporated or qualified to do business or doing business in California.

1      4.     A&E, together with its affiliates, sells several million shop keeping
2  units per year of different items in the retail stores that they operate in the mid-west
3  and on the east coast. These items are purchased by A&E from brokers and/or
4  wholesalers all over the country. A&E purchases some goods from suppliers
5  located in California. A&E sends buyers to California several times a year to visit
6  the garment district in Los Angeles, California.   The goods purchased from
7  California vendors are shipped from the California vendors to A&E's warehouse in
8  New Jersey. A&E pays for the goods from its office in New Jersey when the goods
9  are received at A&E's warehouse in New Jersey.

10      5.     The garments which are the subject of the complaint brought by
11  Texkhan, Inc. were  purchased by A&E from Mackson Inc. ("MACKSON") a New
12  York  Company located in New York, New York. Attached as Exhibit 1 is a true
13  and correct copy of one of the Purchase Orders WS240A from A&E to Mackson for
14  Style number NF-70 Color CH007 Black, the garment design at issue in this action.
15  A&E purchased a total of 1127 finished garments of Style number NF-70 Color
16  CH007 Black  in New York ("ACCUSED GARMENTS") at an average cost of
17  $3.31 per garment for a total cost of $3735.00. Attached as Exhibit 2 is a true and
18  correct copy of one of the invoices for WS240A from Mackson in Farmingdale,
19  New York to A&E for Style NF-70.

20

21      6.     The ACCUSED GARMENTS were shipped by MACKSON to A&E's
22  warehouse in New Jersey. Attached as Exhibit 3 is a true and correct copy of one of
23  the "Pick Tickets" which accompanied a shipment under WS240A to A&E and
24  attached as Exhibit 4 is a Bill of Lading for the shipment of WS240A.

25      7.     Payment for the  NF-70 garments was made by A&E to MACKSON's
26  factor Capital Business Credit LLC in Atlanta, Georgia as specified at the bottom of
27  the Mackson invoice.

28

-2-
DECLARATION OF MARK MCNERNEY

8.    According to our records, 1121 of the 1127 ACCUSED GARMENTS were sold in A&E's stores and A&E earned $8,794.07 gross profit on the sales and $2,043.09 in net profit.

9.    I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct, and that this declaration was executed on *MARCH 15, 2016* at Teterboro, New Jersey.

Mark McNerney

-3-
DECLARATION OF MARK MCNERNEY

# Exhibit 1

**WS240A** [X]

[X] IF BOTH ORDER NUMBERS ARE CHECKED, EACH MUST BE PACKED AND BILLED SEPARATELY.

VENDOR: [illegible]
street
city
salesperson phone: fax:

purchase order from **A & E STORES, INC.** 1000 Huyler St. Teterboro, NJ 07608

PAGE of

| order date | cancel if not rec'd by | don't ship before | reorder | season | signing |
|---|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | | F4 | |

VENDOR # [illegible] | TERMS [illegible] | SHIP VIA:

FOB DISTRIBUTION CENTER PREPAID
A&E STORES, INC.
1000 HUYLER STREET
TETERBORO, NJ 07608
(201) 393-0600

Distribution and warehouse allowance 3%. Anticipation is three points over prime taken at discretion of purchaser.

| # | O/G/C | VEND STYLE # | "A" STYLE # | | DESCRIPTION | COLOR / CODE | GRP # | UNITS OR DOZENS WS240A | | SIZE OR SCALE | COST | "A" ORDER ORIG RET | "A" ORDER RETAIL | "B" ORDER ORIG RET | "B" ORDER RETAIL | PROFILE CODES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | [illegible] | NF32-007 | | | [illegible] 100 | [illegible] | | [illegible] | | | [illegible] | | 11.99 | | 11.99 | |
| 2 | | | 007 | | | | | | | | | | [illegible] | | [illegible] | |
| 3 | | NF32-11010 | | | [illegible] 800 | [illegible] | | [illegible] | | | | | 12 | | 7.9 | |
| 4 | | | 019 | | | | | | | | | | | | | |
| 5 | | NF32-11021 | | | [illegible] 913 | [illegible] | | [illegible] | | | | | | | | |
| 6 | | | 051 | | | | | | | | | | | | | |
| 7 | | NF32-11311 | | | [illegible] 919 | [illegible] | | [illegible] | 60 | | | | | | | |
| 8 | | | 034 | | | | | | | | | | | | | |
| 9 | | | | | | | | | | | | | | | | |
| 10 | | | | | | | | | | | | | | | | |
| 11 | | | | | | | | | | | | | | | | |
| 12 | | | | | | | | | | | | | | | | |
| 13 | | | | | | | | | | | | | | | | |
| 14 | | | | | | | | | | | | | | | | |
| 15 | | | | | | | | | | | | | | | | |
| 16 | | | | | | | | | | | | | | | | |

TOTALS

IMPORTANT: SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS By delivering goods pursuant to this purchase order, Seller acknowledges that it has read and agrees to all terms and conditions contained on BOTH sides hereof.

SPECIAL INSTRUCTIONS : A 5% DEDUCTION WILL BE TAKEN FOR LATE ORDERS

( ) allocation dept: see cover sheet if checked

BUYER SIGNATURE [illegible]

SIGNING [illegible] 7/10/14

13

Exhibit 1
Page 1 of 1

# Exhibit 2

# INVOICE

**60622**

Page 1 of 1

**Mackson, Inc.**
D/B/A- She's Cool

1407 BROADWAY STE 2116B
NEW YORK, NY 10018
TEL.212-398-2515 FAX:212-398-2578

User Id : YANESE

| | | | | |
|---|---|---|---|---|
| S | A&E STORES,INC. | STORE: 00 | DEPT: | |
| S | 1000 HUYLER STREET | | | |
| | A/P DEPT | | | |
| | TETERBORO | NJ | 07608 | |

| | | | | |
|---|---|---|---|---|
| S | A&E STORES,INC. | | | |
| H | 1000 HUYLER STREET | | | |
| | A/P DEPT | | | |
| | TETERBORO | NJ | 07608 | |

Fax:

Phone:2013930600

| | | |
|---|---|---|
| Invoice No. | 60622 | |
| Invoice Date | 07/14/2014 | |
| Due Date | 08/23/2014 | |
| Sales Order | 15102 | |
| Order Date | 07/10/2014 | |

Pick #: 11935

| | |
|---|---|
| DIV | M |

Customer P/O# WS240A
Terms E 30    NET 10 EOM + 30
Ship via UPS    UPS GROUND

Factor CAPITAL

| | |
|---|---|
| Acct# | |
| Auth# | |

JOSEPH

Currency    Ref #

**CUSTOMER** A&STORE

| Style | Color | Team | | S | M | L | XL | Total QTY | Unit Price | Ext. Price |
|---|---|---|---|---|---|---|---|---|---|---|
| NF-70 | CHO07 BLACK | JOGGER PANT | | 30 | 60 | 60 | 30 | 180 | 3.50 | $630.00 |
| NF-70 | L11219 PP/FS | JOGGER PANT | | 16 | 32 | 32 | 16 | 96 | 3.50 | $336.00 |
| NF-70 | L11281 B/W | JOGGER PANT | | 16 | 32 | 32 | 16 | 96 | 3.50 | $336.00 |
| NF-70 | L15184 BLUE | JOGGER PANT | | 30 | 60 | 60 | 30 | 180 | 3.50 | $630.00 |

Total Pieces    552

REC'D JUL 17 2014

| | |
|---|---|
| Item SubTotal: | $1,932.00 |
| Misc: | $0.00 |
| Shipping & Handling: UPS GROUND | $0.00 |
| CR Due: $0.00 | |
| Payment:    $0.00    Invoice Total | $1,932.00 |
| Balance Due: | $1,932.00 |

THIS BILL AND ALL FUTURE BILLS ARE ASSIGNED TO AND ARE PAYABLE ONLY TO CAPITAL BUSINESS CREDIT LLC P O BOX 100895 ATLANTA GA 30384-4174 TO WHOM FROMPT NOTICE MUST BE GIVEN OF ANY MERCHANDISE RETURNS AND ANY CLAIMS OR DISPUTES WHETHER BASED ON SHORTAGES, NON-DELIVERY OFFSETS OTHER CLAIM

Exhibit 2
Page 1 of 1

# Exhibit 3

Exhibit 3
Page 1 of 1



**Mackson,Inc.**
**D/B/A - She's Cool**

c/o Anita Logistics
40 Gazza Blvd.
Farmingdale, NY 11735
Tel. 631-270-4811

**WH 00      PICK TICKET      *11935***

**11935**

Page 1 of 1
7/11/14 12:36:01 PM

| | | DIV | M |
|---|---|---|---|

| B | A&E STORES,INC |
| L | 1000 HUYLER STREET |
| L | A/P DEPT |
| T | |
| O | TETERBORO | NJ | 07608 |

| S | Store 00 | | DC | | Dept |
| H | A&E STORES,INC |
| I | 1000 HUYLER STREET |
| P | A/P DEPT |
| T | |
| O | TETERBORO | NJ | 07608 |

Phone: 2013930600      Fax:

| VAT# | | | | | | | Rep1 28 | JOSEPH |
| PickTkt# | 11935 | CustPO# | WS240A | Factor CAPITAL | Rep2 |
| Pick | 07/11/14 | Terms | E30   NET 10 EOM + 30 | Acct# |
| Order# | 15102 | ShipVia 0UPS   UPS GROUND | Auth# |
| Order | 07/10/14 | Memo |
| Ship | 07/11/14 |
| Cancel | 07/14/14 | Currency |

| Style | Color | Royal | tor | Color Descr | Season Group | | S | M | L | XL | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| NF-70 1 | CH007 BLAI PANT | CH007 BLACI JOGGER PANT | | Picked | | 30 | 60 | 60 | 30 | 1+96+1 X84 | | 180 |
| | | | | | | | | | | | | Cut#:0 | Cut#:0 | R.Price |
| NF-70 2 | L11219 PPI PANT | L11219 PRPL JOGGER PANT | | Picked | | 16 | 32 | 32 | 16 | 7X72+1X22X | | 96 |
| | | | | | | | | | | | | Cut#:0 | Cut#:0 | R.Price |
| NF-70 3 | L11281 BW PANT | L11281 BLK/V JOGGER PANT | | Picked | | 16 | 32 | 32 | 16 | 1X9.6 | | 96 |
| | | | | | | | | | | | | Cut#:0 | Cut#:0 | R.Price |
| NF-70 4 | L15184 BLU PANT | L15184 BLUE JOGGER PANT | | Picked | | 30 | 60 | 60 | 30 | 2X84+1X12 | | 180 |
| | | | | | | | | | | | | Cut#:0 | Cut#:0 | R.Price |

Item SubTotal:

Tax:      %

Total Pieces
552

Freight  UPS GROUND

THIS BILL AND ALL FUTURE BILLS ARE ASSIGNED TO AND ARE PAYABLE ONLY TO CAPITAL BUSINESS CREDIT LLC P O BOX 100895 ATLANTA GA 30384-4174
TO WHOM PROMPT NOTICE MUST BE GIVEN OF ANY MERCHANDISE RETURNS AND ANY CLAIMS OR DISPUTES WHETHER BASED ON SHORTAGES NON-DELIVERY,OFFSETS (
OTHER CLAIM

15

Exhibit 4

Date: 07/14/2014

# BILL OF LADING

Page ___ 1____

| SHIP FROM | | |
|---|---|---|
| Name: Mackson DBA She's Cool C/O Anita Logistics | | |
| Address: 40 Gazza Blvd, Farmingdale | | |
| City/State/Zip: New York, NY 11735 | | |
| SID# | | FOB: ☐ |

Bill of Lading Number: 11935-11937

| SHIP TO | |
|---|---|
| A&E STORES INC | Location #: _____ |
| 1000 HUYLER STREET | |
| | |
| City/State/Zip: - TETERBORO, NJ 07608 | |
| CID# | FOB: X |

CARRIER NAME: RONAK INTERNATIONAL

Trailer Number:

Seal number(s):

SCAC:

Pro number: S17380/87

| THIRD PARTY FREIGHT CHARGES BILL TO: | |
|---|---|
| Name: | |
| Address | |
| City/State/Zip | |

SPECIAL INSTRUCTIONS

Freight Charge Terms:

Prepaid __X____   Collect ____   3rd Party ____

☐ Master Bill of Lading: with attached
(check box)   underlying Bills of Lading

| CUSTOMER ORDER NUMBER | CARTONS | WEIGHT | PALLET/SLIP (CIRCLE ONE) | | ADDITIONAL SHIPPER INFO |
|---|---|---|---|---|---|
| WS240A | 08 | 225 | (Y) | N | 552 PCS |
| WS240B | 03 | 120 | WEIGHT | | 240 PCS |
| WS241A | 12 | 420 | | | 840 PCS |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | Y | N | |
| GRAND TOTAL | 23 | 765 | | | |

## CARRIER INFORMATION

| HANDLING UNIT | | PACKAGE | | | | COMMODITY DESCRIPTION | LTL ONLY | |
|---|---|---|---|---|---|---|---|---|
| QTY | TYPE | QTY | TYPE | WEIGHT | H.M. (X) | Commodities requiring special or additional care or attention in handling or stowing must be so marked and packaged as to ensure safe transportation with ordinary care. See Section 2(e) of NMFC item 360 | NMFC # | CLASS |
| 1 | PLT | 23 | CTNS | 765 | | Ladies Apparel | 49880 | 100 |
| | | | | | | | | |
| | | | | | | | | |
| 1 | | 23 | | 765 | | GRAND TOTAL | | |

Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property as follows:
"The agreed or declared value of the property is specifically stated by the shipper to be not exceeding
_____ Per _____"

COD Amount: $ _____

Fee Terms:   Collect: ☐   Prepaid: ☐
Customer check acceptable: ☐

NOTE Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. · 14706(c)(1)(A) and (B).

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request, and to all applicable state and federal regulations.

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

_____   _____   Shipper
Signature

| SHIPPER SIGNATURE / DATE | Trailer Loaded: | Freight Counted: | CARRIER SIGNATURE / PICKUP DATE |
|---|---|---|---|
| This is to certify that the above named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the DOT. | ☐ By Shipper ☐ By Driver | ☐ By Shipper ☐ By Driver/pallets said to contain ☐ By Driver/Pieces | Carrier acknowledges receipt of packages and required placards. Carrier certifies emergency response information was made available and/or carrier has the DOT emergency response guidebook or equivalent documentation in the vehicle. Property described above is received in good order, except as noted. |

Exhibit 4
Page 1 of 1

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 3130 Wilshire Boulevard, Suite 500, Santa Monica, California 90403-2351.

On March 16, 2016, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND/OR IMPROPER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARK MCNERNEY** on the interested parties in this action as follows:

Stephen M. Doniger
Scott Alan Burroughs
Trevor W. Barrett
Justin M. Gomes
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
stephen@donigerlawfirm.com
scott@donigerlawfirm.com
tbarrett@donigerlawfirm.com
jgomes@donigerlawfirm.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 16, 2016, at Santa Monica, California.

Mark D. Kremer

0028.006\9996

-17-

NOTICE OF MOTION AND MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT FOR LACK OF
PERSONAL JURISDICTION AND/OR IMPROPER VENUE